

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF OREGON**

**RANDALL L. DUNN**
BANKRUPTCY JUDGE

1001 S.W. FIFTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326-1538

JoANNE SHERMAN
LAW CLERK

BELLE S. NA
LAW CLERK

KARYN A. COLE
JUDICIAL ASSISTANT

March 30, 2007

Donald Godfrey
P.O. Box 1116
Umatilla, OR 97882

Paul R. Bocci, Jr.
385 1st St., Ste. 215
Lake Oswego, OR 97034

Robert Ridgway, Trustee
P.O. Box 993
Pendleton, OR 97801

    Re:    **Donald E. Godfrey, Bankruptcy Case No. 05-46441-rld13**

    This case came before me for an evidentiary hearing (the "Hearing") on February 23, 2007, on creditor Godfrey Finance, LLC's ("Godfrey Finance") motion to dismiss debtor Donald E. Godfrey's ("Debtor") chapter 13 case (the "Motion to Dismiss"), and its objection ("Confirmation Objection") to confirmation of Debtor's Chapter 13 Plan dated October 11, 2005 ("Plan"). As I explained to the parties at the time of the Hearing, Godfrey Finance bore the burden of proof on its Motion to Dismiss, but Debtor bore the burden of proof to establish that the Plan was proposed in good faith, as provided in Section 1325(a)(3) of the Bankruptcy Code.[1] Godfrey Finance was represented at the Hearing by Paul R. Bocci, Jr.; Debtor appeared *pro se*.

    Following the Hearing, I have reviewed the parties' pleadings and relevant records of this court, the admitted exhibits and my notes from the Hearing, as well as applicable legal authorities. I have considered the parties' arguments very carefully in light of the Hearing record. My decision is to deny the Motion to Dismiss, but to deny confirmation of the Plan. I state the reasons for my decision below.

---

    [1] Unless indicated otherwise, all statute section and chapter references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, prior to its amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23 ("BAPCPA"). Debtor's chapter 13 petition was filed in advance of the effective date for all relevant BAPCPA provisions.

Donald Godfrey
Paul R. Bocci, Jr.
Robert E. Ridgway, Trustee
March 30, 2007
Page 2

_____

Factual Background

Godfrey Finance is an Oregon limited liability company whose sole shareholder is Debtor's brother, Robert Godfrey. Godfrey Finance had provided Debtor's floor financing for the automobile dealership owned and operated by the Debtor. In a Chapter 7 case ("Chapter 7 Case") previously filed October 13, 2004, by Debtor, together with his wife, Godfrey Finance obtained a judgment ("Nondischargeable Judgment") which declared Debtor's debt to Godfrey Finance nondischargeable pursuant to § 523(a)(2) in the amount of $198,829.27. The underlying basis for the Nondischargeable Judgment was that Debtor had sold vehicles out of trust.

Debtor's general discharge in the Chapter 7 Case was entered January 19, 2005. The Nondischargeable Judgment with regard to Debtor's debt to Godfrey Finance was entered October 18, 2005, although Judge Brown had issued her oral ruling on September 30, 2005. On October 15, 2005, the Saturday before the Monday, October 17, 2005, effective date of most of the provisions of BAPCPA, Debtor filed this Chapter 13 case, seeking a "superdischarge" of the Nondischargeable Judgment.

Debtor filed the Plan on October 19, 2005. Godfrey Finance filed the Motion to Dismiss on January 13, 2006, stating as the sole basis for dismissal that the case was "filed in bad faith, in violation of [§ 1307(c)]." Mr. Bocci filed the Motion to Dismiss on behalf of Godfrey Finance. Thereafter, on January 18, 2006, without having substituted in as counsel for Godfrey Finance, Attorney Robert Carlton filed the Confirmation Objection on behalf of Godfrey Finance. The Confirmation Objection stated that the Plan did not comply with §§ 1305(a)(1), (3), (4) and (b)(1), sought dismissal of the case for cause, including cause as set forth in §§ 1307(c)(1) and (5), and requested that the court deny any request for additional time to file a modified plan pursuant to § 1305(c)(5). Only Mr. Carlton appeared as attorney for Godfrey Finance at the initial confirmation hearing held January 26, 2006. On January 27, 2006, Mr. Carlton filed his notice of substitution of counsel dated January 26, 2006. On April 17, 2006, Attorney Anita Manishan filed a notice of substitution of counsel for Godfrey Finance dated April 17, 2006. Ms. Manishan appeared at the status and scheduling conference held April 26, 2006, at which time the court set the matters at issue for the evidentiary hearing to be held August 18, 2006. A final notice of substitution of counsel for Godfrey Finance was filed August 1, 2006, and Mr. Bocci again became counsel of record for Godfrey Finance. On June 29, 2006, after Debtor's counsel was allowed to withdraw, I set over the evidentiary hearing until November 9, 2006. The evidentiary hearing was set over further based on Debtor's request made for medical reasons. Ultimately, as noted above, the Hearing was held February 23, 2007.

Godfrey Finance has raised several factors which, it contends, taken together evidence Debtor's bad faith in connection with this case. These factors include the timing of the filing of the Chapter 13 petition; numerous inaccuracies in the schedules and Statement of Financial Affairs ("SOFA") which were signed under penalties of perjury; and Debtor's actions relative to

Donald Godfrey
Paul R. Bocci, Jr.
Robert E. Ridgway, Trustee
March 30, 2007
Page 3

---

his real property in Umatilla County, Oregon ("Umatilla Property"), including transferring an interest in the Umatilla Property to his wife by a deed which recited that no consideration had been received for the transfer, and granting security interests in the Umatilla Property to his mother-in-law and his son approximately one month before the petition date.[2]

## Jurisdiction

I have core jurisdiction to rule on the contested matters raised at the Hearing under 28 U.S.C. § § 1334, 157(a), 157(b)(1), and 157(b)(2)(L), and pursuant to Local Rule 2100 of the United States District Court for the District of Oregon.

## Legal Discussion

The issues before me concern Godfrey Finance's allegations of Debtor's "bad faith." Section 1325(a)(3) provides that I can confirm a chapter 13 plan only if "the plan has been proposed in good faith and not by any means forbidden by law." Further, on request of an interested party, here, Godfrey Finance, I can dismiss a chapter 13 case, or convert it to a case under chapter 7, whichever is in the best interests of creditors and the estate, if I find that cause exists to do so under § 1307(c) . A debtor's bad faith in filing a chapter 13 case may constitute such cause. See  In re Eisen, 14. F.3d 469 (9th Cir. 1994).

To determine whether a chapter 13 petition or plan has been filed in bad faith, I review the "totality of the circumstances." Id. at 470 (quoting In re Goeb, 675 F.2d 1386, 1391 (9th Cir. 1982). As established by In re Leavitt, 171 F.3d 1219, 1224 (9th Cir. 1999), I consider the following four factors, among other things, when evaluating the evidence in the "totality of the circumstances:"

---

[2] Godfrey Finance also asserts that Debtor's bad faith is evidenced by the fact that Debtor claimed a homestead exemption in the Umatilla Property because Debtor did not reside at the Umatilla Property on the petition date. Debtor did not reside at the Umatilla Property on the petition date because the Umatilla Property at the time was bare land upon which Debtor had begun construction of a residence, since completed. Both Godfrey Finance and the chapter 13 Trustee have objected to Debtor's claim of homestead exemption in the Umatilla Property. On June 19, 2006, I advised the parties that I would not set the objections to homestead exemption for hearing until after the Hearing. I do not need to, and will not, consider issues raised in those objections in assessing the "totality of the circumstances" for purposes of deciding the Motion to Dismiss and the Confirmation Objection.

1. Whether the debtor misrepresented facts in the petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed the petition or plan in an inequitable manner;
2. The debtor's history of bankruptcy filings and dismissals;
3. Whether the debtor's only purpose in filing for chapter 13 protection is to defeat state court litigation; and
4. Whether egregious behavior is present.

In this case, there is considerable overlap in analyzing and applying the above factors.

As to the first factor, Godfrey Finance points out that Debtor made numerous changes to his schedules, particularly in connection with his interest in the Umatilla Property. In his initial schedule A, Debtor listed a one-half interest in the Umatilla Property and valued that interest at $50,000. On April 25, 2006, the Debtor filed his amended schedules, reducing the value of his interest to $27,610. In addition, Debtor's original Statement of Financial Affairs ("SOFA") did not disclose a transfer of a one-half interest in the Umatilla Property to his wife while the adversary proceeding from which the Nondischargeable Judgment was taken either was threatened or pending, did not disclose that Debtor granted a mortgage on the Umatilla Property to his son in the month before the chapter 13 case was filed, did not disclose that Debtor granted a mortgage on the Umatilla Property to his mother-in-law in the month before the chapter 13 case was filed, and did not disclose that Debtor transferred a one-half interest in a vehicle to his son sometime in 2005.

As to the second factor, Godfrey Finance points out that this is Debtor's second case, filed after a nondischargeability determination had been made against him but prior to the entry of the actual Nondischargeable Judgment. As to the related third factor, Godfrey Finance asserts that the debtor's only purpose in filing the chapter 13 case is to obtain a "superdischarge" of the Nondischargeable Judgment debt.

As to the fourth factor, Godfrey Finance asserts that all of the above actions of the Debtor, taken together, constitute egregious behavior.

With respect to the above factors, I make the following findings:

Debtor filed the chapter 13 petition immediately preceding the BAPCPA effective date. The "superdischarge" provided in § 1328(a) as it existed prior to the BAPCPA effective date allowed a debtor to discharge an otherwise nondischargeable debt. BAPCPA eliminated the "superdischarge" with respect to a debt in the nature of Godfrey Finance's Nondischargeable Judgment. Standing alone, however, Debtor's action in seeking the "superdischarge" does not constitute bad faith. Nor do the timing issues present, i.e. filing the chapter 13 petition immediately before the "superdischarge" became unavailable, and filing the chapter 13 petition

_____

before the Nondischargeable Judgment had been entered, change that determination. The fact that the undisputed purpose of filing the chapter 13 petition is solely to prevent Godfrey Finance from collecting on the Nondischargeable Judgment likewise is not per se bad faith. The Debtor merely was seeking a remedy available to him under the Bankruptcy Code as it existed on October 15, 2005.

More troublesome, however, are Debtor's actions in connection with the Umatilla Property. In an effort to obscure the existence of any equity in the Umatilla Property which might be available to satisfy in part the Nondischargeable Judgment, Debtor transferred interests in the Umatilla Property to his wife, his son, and his mother-in-law, and reduced the stated value of the Umatilla Property in his amended schedules. While at first blush, these actions appear to be "egregious" in nature, the evidence suggests otherwise.

In transferring a one-half interest in the Umatilla Property to his wife, Debtor testified he was attempting only to correct the title to reflect the true intention of Debtor and his wife at the time the property was acquired. He testified that he and his wife had always held their real property jointly, that his wife was unavailable at closing, that the closing agent had advised him he could transfer the interest to his wife later, and that the transfer deed incorrectly recited that no consideration had been given for the transfer to his wife.

Debtor testified that his mother-in-law had provided funds and his son had provided both funds and labor to facilitate the completion of the residence Debtor was constructing on the Umatilla Property. In granting security interests in the Umatilla property to his mother-in-law and his son, Debtor stated he was only attempting to provide the repayment protection he had promised his mother-in-law and his son when they advanced funds to him.

Debtor has conceded that the transfers were not appropriately made, but contends that he had no intention to manipulate the Bankruptcy Code unfairly.

I find Debtor's explanation of the transfers related to the Umatilla Property to be credible.

I disagree with Godfrey Finance that Debtor's decrease in personal income suggests bad faith. Debtor is of retirement age, but due to his failed business and the resulting Nondischargeable Judgment, retirement is not in Debtor's immediate or even near future. Debtor took time off from his job to work on completing the residence on the Umatilla Property. Moreover, Debtor's household income has not decreased because Debtor's wife has returned to work.

It is unlikely that Debtor will ever be in a position to pay the Nondischargeable Judgment in full. The best that he can do is provide, through a chapter 13 plan, all of his disposable

Donald Godfrey
Paul R. Bocci, Jr.
Robert E. Ridgway, Trustee
March 30, 2007
Page 6
_____

income for a fixed period.  In the totality of circumstances in this case, I do not find the requisite bad faith necessary to require dismissal of this case.

     Following the presentation of evidence, I found the value of the Umatilla Property to be $98,000 as of the petition date.  Because the Debtor did not use this value in his Plan, he will need to file a modified plan if he wishes to proceed in chapter 13.  For that reason I will enter an order denying confirmation of the Plan and requiring that Debtor file a modified plan.   I also will enter an order denying the Motion to Dismiss.

                          Very truly yours,

                          RANDALL L. DUNN
                          Bankruptcy Judge

RLD:kc